## NAVARRO v. KINGSBURY.

### No. 9132.

Court of Civil Appeals of Texas. San Antonio.

June 28, 1933.

Rehearing Denied July 27, 1933.

H. S. Groesbeeck, of San Antonio, for appellant.

Joe L. Hill, of San Antonio, for appellee.

SMITH, Justice.

Adela Rodriguez Navarro and F. H. Kingsbury will be designated plaintiff and defendant, respectively, as in the trial court.

The action was brought by plaintiff to recover title and possession of certain real property situated in Bexar county. The trial court overruled defendant's general demurrer to plaintiff's petition, but at the conclusion of the trial withdrew the case from the jury and rendered judgment denying any recovery

to plaintiff, who has appealed. There is no statement of facts with the record.

It appears from the imperfect and unsatisfactory record and presentation that plaintiff borrowed money from defendant with which to take up outstanding debts and liens against the property involved, giving defendant a deed of trust upon the property to secure her debt. Plaintiff defaulted in the payment, and defendant had the property sold under the terms of the deed of trust, and bought it in at the sale. Plaintiff sued to recover the property, but made no offer of restitution of the money obtained from defendant thereon.

It appears from a great number of bills of exception, most of which are exact duplicates in effect, if not in form, that plaintiff offered to prove by witnesses that, when she learned that the trustee was advertising the property for sale, she requested defendant and he agreed to postpone the sale and allow her time to complete a deal whereby she planned to raise money and pay off the debt; that the sale proceeded, nevertheless, notwithstanding plaintiff had been "lulled to sleep" by defendant's promise of postponement and was thereby prevented from protecting her rights at the sale. But it further appeared from the proffered and rejected testimony that the person from whom plaintiff expected to obtain the money with which to retrieve the property finally withdrew his offer of support. It is not apparent, in the absence of a statement of facts, that the proffered evidence, had it been admitted, was sufficient to entitle plaintiff to recover, or to overcome the testimony actually adduced. The presumption is in favor of the right action of the trial judge, and, in the absence of a statement of facts, this court cannot say he erred in rendering the judgment appealed from.

The judgment is affirmed.

## On Motion for Rehearing.

The facts as stated in the original opinion were laboriously eked out of the obscurity and confusion which envelop the record. In her motion for rehearing appellant complains that some of the facts were inaccurately stated. We have gone back into the record for verification, and conclude that the statement of the case made in the original opinion is substantially correct concerning material matters, and conforms to recitals in the judgment which are conclusive upon this court. We will add this simple observation, that it was not shown in her pleadings that, but for appellee's alleged promise to postpone the trustee's sale, appellant could and would have procured the necessary funds and paid her debt and rescued her property from the hammer.

Appellant's motion will be overruled.