**Lena BAZILE, Appellant,**

**v.**

**Lynne TAMBORELLO, Appellee.**

**No. 255.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

June 11, 1969.

Rehearing Denied July 2, 1969.

———◆———

Les Fleming, Houston, for appellant.

Ronald C. Kline, Bracewell & Patterson, Houston, for appellee.

TUNKS, Chief Justice.

This is an appeal from a summary judgment rendered on motion of the defendant. The plaintiff in the trial court, appellant here, was Lena Bazile. By her petition she sought recovery of damages for an alleged libel and also because of an alleged wrongful posting of notice of foreclosure.

In August, 1966, the plaintiff bought from the defendant a residence located at 3702 Bluebonnet Street, Houston, Texas. The consideration paid was part cash and a note secured by a vendor's lien and a deed of trust lien. After buying the property the plaintiff made some improvements on it and then listed it for sale with a real estate agent named Sam Feldt.

On January 21, 1967, the defendant sent to the plaintiff's lawyer this telegram:

"Lena Bazil has a Sanseldt sign on 3702 Bluebonnet which I sold to her. Sanseldt is a notorious block buster. Unless the paid tax receipt are delivered to me Monday morning showing that the 1966 state and county taxes wre paid before maturity I shall ask Mr. Rector to mature my note and post the property for foreclosure.

Lynne Tamborello"

This is the publication that the plaintiff alleged to be libelous of her. She alleged that the telegram was libelous of her because it meant that she was proposing to sell her property to a member of a minority race.

First we hold that the language of the telegram, even if construed as contended by the plaintiff, was not libel. The statement that one proposes a sale of property to a member of a minority race does not expose one to "public hatred, contempt or ridicule, or financial injury" nor does such statement "impeach the honesty, integrity, or virtue, or reputation of any one." This statement is, therefore, not libelous. Article 5430, Vernon's Ann. Tex. Civ.St.

Furthermore, the statement, if it were libelous, does not contain any libelous language directed at the plaintiff. The person identified as being a "block buster" is the real estate agent. The statement does not contain any language suggesting that the plaintiff knowingly used the ser-

vices of the real estate agent for the purpose of accomplishing a sale to a member of a minority group. Newspapers, Inc. v. Matthews, 161 Tex. 284, 339 S.W.2d 890, 100 A.L.R.2d 218.

The trial court properly sustained the motion for summary judgment insofar as the plaintiff sought recovery for libel.

By the terms of the deed of trust executed by plaintiff to secure the note given in part payment of the property in question the plaintiff was obligated to pay all taxes on the property before they became delinquent. On January 25, 1967, the city school district taxes for 1966 had not been paid. On that date the trustee named in the deed of trust posted notice of foreclosure. The plaintiff alleged that this was done maliciously and illegally because she was not given proper notice and an opportunity to cure the deficiency. She alleged that because of this wrong she suffered personal embarrassment and a loss of credit and sought recovery of damages therefor.

After the posting of the notice of foreclosure the plaintiff filed a suit to enjoin the foreclosure. On February 3, 1967, the plaintiff paid the delinquent city and school district taxes. The defendant agreed to withdraw the foreclosure notice and the plaintiff dismissed her injunction suit. The plaintiff also sought recovery of her expense in filing that suit.

The plaintiff has cited no case holding that the posting of the foreclosure notice, even if wrongfully done, entitles her to recovery of the damages sought by her suit. Whatever may be the law in that regard, the notice here was lawfully posted. The deed of trust provided that upon default by failure to pay taxes before delinquency, the holder of the note had the option "without demand upon, or notice to, the Grantors, to foreclose the lien of this Deed of Trust at Trustee's sale or otherwise." The defendant's posting of the notice was legal and did not furnish a basis

for the recovery of the damages sought by the plaintiff. Phillips v. Whiteside, Tex. Civ.App., 426 S.W.2d 350, no writ hist.

The judgment of the trial court is affirmed.