**Bernard PACHTER, Appellant,**

v.

**L. L. WOODMAN, Sr., et al., Appellees.**

**No. 903.**

Court of Civil Appeals of Texas, Tyler.

Feb. 26, 1976.

Rehearing Denied April 8, 1976.

Jack Ware, Uvalde, for appellant.

M. Douglas Adkins, Geary, Brice, Barron & Stahl, Dallas, Ralph Graham, Corpus Christi, Kessler, Nichols & Harris, Uvalde, Jackson, Walker, Winstead, Cantell & Miller, Dallas, R. A. Taylor, Jr., Crystal City, for appellees.

Charles Schwab, Jr., Schwab & Parks, Dallas, for intervenor.

MOORE, Justice.

This is an appeal from a summary judgment. Bernard Pachter, appellant-plaintiff, filed suit against L. L. Woodman, Sr., L. L. Woodman, Jr., Gary Roberts, substitute trustee, D. Harold Byrd and Warren Wagner, Inc., to set aside a sale made under the power in a deed of trust and to cancel the trustee's deed for alleged irregularities in the sale.[1] A temporary restraining order, pendente lite, was issued restraining appellees from taking possession of the land. Appellees answered with a general denial. The cause came on for hearing before the trial court upon the motion of appellees, Byrd and Warren Wagner, Inc., for summary judgment pursuant to Rule 166–A, Texas Rules of Civil Procedure, alleging that under the pleadings, depositions, affidavits, exhibits and admissions, there was no genuine issue as to any material fact and that the appellees were entitled to a judgment as a matter of law. At the same time, the trial court also conducted a hearing on appellant's application for temporary injunction pendente lite. After a hearing, the trial court granted a summa-

ry judgment in favor of appellees Byrd and Warren Wagner, Inc., and decreed that plaintiff Bernard Pachter and the intervenors take nothing by their suit. The temporary injunction restraining appellees from taking possession of the land was dissolved and all injunctive relief sought was denied.[2] Appellant, Bernard Pachter, duly perfected his appeal.

We affirm.

By his first point appellant urges that the court erred in granting a summary judgment in favor of appellees, D. Harold Byrd and Warren Wagner, Inc. Appellant has no point of error and does not challenge the judgment insofar as it denies him any relief against the remainder of appellees. He argues that the summary judgment was improvidently granted because the summary judgment proof shows that the trustee's sale was void due to certain irregularities. Alternatively, he argues that the evidence created several issues of disputed fact with regard to whether the trustee's deed was void or voidable.

The material facts giving rise to this controversy do not appear to be in dispute. The property made the basis of the suit consists of 1,071 acres of land situated in Zavala County, Texas. The land was originally owned by appellees L. L. Woodman, Sr., and L. L. Woodman, Jr., who conveyed it to Byrd Farms, Inc. As consideration for the conveyance, Byrd Farms, Inc., and D. Harold Byrd, individually, executed a note to the grantors dated December 22, 1966, in the amount of $290,000.00 which was secured by a deed of trust containing the following covenant:

"TAXES: Grantor will pay all taxes and assessments that are or may become due and payable on the above described

---

1. Intervenors, Plus Two Cattle Company, Inc., and National Bank of Commerce of Dallas, participated in the trial, but having failed to post an appeal bond, are not parties to this appeal.

2. The judgment recites that the court found the sale was valid and vested title in appellees Byrd and Warren Wagner as against the other parties to the suit and directed the clerk to issue a writ of possession in their behalf.

property under any law, ordinance or regulation whether made by federal, state or municipal authority, before any interest or penalty accrues thereon."

The Deed of Trust further provided:

"6. Should GRANTOR fail or refuse to make prompt payment of the above described note as the same shall become due and payable or fail or refuse to perform any of the acts, conditions, obligations and covenants herein provided, then this DEED OF TRUST shall remain in force and effect and HOLDER shall be entitled, without being under legal obligation to do so, to exercise the option of:

\* \* \* \* \* \*

"(b) Declaring the whole of the note secured by this DEED OF TRUST, including principal, interest and all sums and expenses expended by HOLDER for and in behalf of GRANTOR as herein provided, immediately due and payable, with or without notice to GRANTOR and without presenting for payment any matured part of the indebtedness secured by this DEED OF TRUST, and cause trustee sale to be made.

\* \* \* \* \* \*

" \* \* \* It is agreed that the recitals in the conveyance to the purchaser, or purchasers, shall be full and conclusive evidence of the truth of the matters therein stated, and all prerequisites to said sale shall be presumed to have been performed, and such sale and conveyance shall be conclusive against GRANTOR, his heirs and assigns."

Appellant, Bernard D. Pachter, acquired title to the land from D. H. Byrd, successor in title from Byrd Farms, Inc., by a deed dated March 4, 1971, which recited that the conveyance was "subject to" the above mentioned deed of trust securing payment of the Woodman note. On February 24, 1974, L. L. Woodman, Sr., upon discovering that the taxes due the Uvalde Consolidated Independent School District had not been paid for the years 1972 and 1973, instructed his attorney to mail notices of default and his intent to accelerate payment of the note to appellant Pachter with copies to D. H. Byrd and to Jack L. Fox, appellant's New York attorney. The letter also recited that Woodman elected to exercise his option to accelerate all remaining payments and that all remaining payments were then due and owing to him.

The record shows without dispute that no payments were due on the Woodman note at the time Woodman exercised his option to accelerate for nonpayment of taxes. The record further shows that the taxes amounting to approximately $2,500 per year were unpaid for the years 1972 and 1973 and that interest and penalties had accrued thereon. For the year 1972 the penalty and interest accruing on the past due taxes amounted to the sum of $128.30. For the year 1973, a penalty in the amount of $42.15 accrued but the taxes were paid for that year before any interest accrued. The past due taxes, penalty and interest were not paid until March 22, 1974, which was subsequent to the date Woodman exercised his option to accelerate.

Generally, where a deed of trust provides that the mortgagee is authorized to accelerate payment of the entire debt for nonpayment of taxes, the mortgagee may exercise his option to do so upon failure to pay the taxes and have the property sold under the deed of trust for nonpayment of taxes. *Odell v. Commerce Farm Credit Co.,* 67 S.W.2d 626 (Tex.Civ.App.—Eastland 1933) aff'd 80 S.W.2d 295 (124 Tex. 538); *Bazile v. Tamborello,* 442 S.W.2d 923 (Tex. Civ.App.—Houston 1969, writ ref'd n. r. e.); 55 Am.Jur.2d *Mortgages* sec. 382, p. 428.

Appellant's attorney admits in his affidavit that he received Woodman's notice of his option to accelerate the note on March 4, 1974, some eighteen days before the taxes were paid. According to his affidavit he

promptly contacted Woodman's attorney, Mr. Ralph Graham, and advised him that Pachter was negotiating a sale of the property and that the sale was eminent. He, therefore, requested a delay in the posting of the trustee's notice of sale. He stated that in response to the request Woodman's attorney advised him that if such were the case, notice of sale would not be posted so long as the sale was eminent; that sometime later when it became known that the sale was no longer eminent, negotiations were commenced with regard to increasing the rate of interest on the vendor's lien note so as to avoid the necessity of a foreclosure sale by the trustee; that the negotiations ceased when Mr. Pachter refused to pay a higher rate of interest; that in his last conversation with Mr. Graham, at a time when the only issue was the readjustment of the interest rate, Mr. Graham advised him that if and when Mr. Woodman decided to pursue the foreclosure remedy, he would be advised. As we understand his affidavit, the negotiations were broken off in the latter part of May, 1974, and there was no further contact between the parties until after the property was sold by the substitute trustee.

In the meantime the record reveals that on October 11, 1974, after the resignation of the original trustee, Woodman appointed Gary Roberts as substitute trustee and directed him to proceed with the foreclosure. The substitute trustee posted notices and subsequently sold the property at public auction on November 5, 1974, to D. Harold Byrd and Warren Wagner, Inc., for a cash consideration of $198,222.

Appellant's first contention is that the trustee's sale was void because the notices of sale were not posted for three weeks prior to the sale in three public places in Zavala County as required by Article 3810, Vernon's Ann.Tex.Stat. As we view the record, the proposition is without merit.

The trustee's deed recites that notices of the sale were posted at the Zavala County Courthouse, as well as two other public places in Zavala County. The affidavit of the substitute trustee recites that on October 14, 1974, he posted notices of the sale at the Zavala County Courthouse, the Fire Station and the City Hall in Crystal City, Zavala County. The trustee's deed appears to be valid on its face.

■ Where the deed of trust, as here, provides that the recitals therein shall constitute prima facie proof that all prerequisites to the trustee's sale have been complied with, the trustee's deed is presumed to be valid. *Roe v. Davis,* 106 Tex. 537, 172 S.W. 708 (1915); *Slaughter v. Qualls,* 139 Tex. 340, 162 S.W.2d 671, 676 (Tex.1942); *Jacobson v. National Western Life Insurance Company,* 403 S.W.2d 528 (Tex.Civ. App.—Houston 1966, no writ). This presumption, however, is not conclusive but may be rebutted. *Slaughter v. Qualls,* supra.

■ In an effort to rebut the presumption appellant offered the affidavit of William E. Casey, Esq., who stated that on October 14, 1974, he had an occasion to post certain notices of sale in Zavala County; that he posted his notices at the Zavala County Courthouse and at the City Hall in Crystal City, and that no trustee's notices of foreclosure of the Byrd property were posted at either of the two locations. His affidavit fails to state the time of day he posted his notices and made the observation. Appellant offered no other proof to rebut the presumption of the validity. As we view it, Casey's affidavit is not sufficient to rebut the presumption because the affidavit states nothing more than that the trustee's notices were not posted at those locations at the time he posted his notices. He did not undertake to state that the notices were not posted at any time on October 14, 1974. His affidavit is equivocal, to say the least, and does not exclude the possibility that the notices could have been posted later on the same day. Such evidence is insufficient to rebut the pre-

sumption of validity or to create a disputed issue of fact in that regard. *Simmons v. Ratliff,* 182 S.W.2d 827 (Tex.Civ.App.— Amarillo 1944, ref'd w. m.). It follows that we must presume, as a matter of law, that the prerequisites of the sale had been complied with.

Further, appellant contends that the trustee's sale was void or voidable because Woodman's attorney falsely represented to appellant's attorney that in the event Woodman decided to pursue the foreclosure remedy further, appellant's attorney would be notified of Woodman's decision. Appellant takes the position that this amounted to a temporary waiver by Woodman of his right to sell the property under the deed of trust and appellee Byrd was estopped to rely on the sale and trustee's deed. As we view the record, the contention is likewise without merit.

■ In a summary judgment proceeding where the defendant, as here, files a motion for summary judgment, the question on appeal, as well as in the trial court, is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970).

■ In essence appellant's defense here is that the trustee's deed is voidable on the ground for fraud. Here again, appellant having taken title "subject to" the deed of trust, is faced with the provisions of the trustee's providing a presumption of validity of the trustee's deed. In these circumstances the burden rested on appellant to overcome the presumption with summary judgment proof showing fraud as a matter of law or the existence of a genuine issue of disputed fact thereon. In order to establish fraud appellant had the burden of showing that Woodman's alleged promise not to proceed with the foreclosure sale was false in that Woodman failed to notify him; that the promise was made for the purpose of keeping appellant from attending the sale; that appellant relied thereon and had no actual knowledge of the sale; that had Woodman notified him that he intended to proceed with the foreclosure sale, he would have been in a position to have protected his interest in the land by payment of the amount due upon Woodman's vendor's lien note and that he was damaged thereby. *John Hancock Mut. Life Ins. Co. v. Howard,* 85 S.W.2d 986 (Tex.Civ.App.—Waco 1935, writ ref'd); *Navarro v. Kingsburg,* 62 S.W.2d 627 (Tex.Civ.App.—San Antonio 1933, no writ).

■ In view of the presumption of the validity of the trustee's deed, appellees' summary judgment proof was sufficient to establish a prima facie case. Appellant then had the burden of offering summary judgment proof creating a fact issue on his cause of action for fraud. As we view the record appellant's summary judgment proof fails to create such an issue. In the first place there is no proof in the record that Woodman's attorney failed to notify appellant's attorney that Woodman had decided to go forward with the foreclosure. While the affidavit of appellant's attorney may be sufficient to show a promise to notify, there is nothing therein to show the promise was not fulfilled. Consequently, there is no proof that the representation was false. Secondly, there is no proof that appellant or his agents did not have actual knowledge of the trustee's sale. Finally there is no pleading or proof that but for Woodman's alleged false promise, appellant could and would have procured the necessary funds and paid the debt and rescued his property at the sale. Finally there is nothing to show appellant suffered any damages as a result of the alleged false promises. Consequently, the summary judgment proof fails to show that an issue of material fact existed on appellant's cause of action for fraud. Consequently, we think the trial court properly disposed of the cause by summary judgment.

■ In any event, an insurmountable obstacle to appellant's recovery is that he did

not seek to do equity. He seeks to set aside the trustee's sale to appellees Byrd and Wagner without offering to place them in status quo. In all such cases, all persons taking subject to the mortgagee must offer to redeem from the incumbrancer or at least put the purchaser in status quo. One who seeks equity must do equity. *Price v. Reeves,* 91 S.W.2d 862 (Tex.Civ.App.—Fort Worth 1936, writ dism'd); *McNatt v. Maxwell Inv. Co.,* 50 S.W.2d 1040 (Mo.Sup.1932); *Chase v. First Nat. Bank of Cleburne,* 20 S.W. 1027, 1029 (Tex.Civ.App.1892).

We perceive no error in the action of the trial court in dissolving the temporary injunction pendente lite. Upon determining that appellant had no claim to title, the question of whether the temporary injunction would remain in effect pending appeal was a matter resting within the discretion of the trial court. In view of the trial court's ruling in the main case, no abuse of discretion was shown. In any event appellant will be held to have waived his right to complain by his failure to seek injunctive relief in the appellate court under Article 1823, Tex.Rev.Civ.Stat.Ann., authorizing the appellate court to protect the jurisdiction of the subject matter of the litigation pending appeal.

The judgment is affirmed.