K. L. BRACKEN, Appellant,

v.

HAID & KYLE, INC., Appellee.

No. 19844.

Court of Civil Appeals of Texas,
Dallas.

Oct. 2, 1979.

Rehearing Denied Nov. 9, 1979.

Michael V. Killough, Michael V. Killough, Inc., Dallas, Larry B. Bach, Forney, for appellant.

Pat M. Reed, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

CARVER, Justice.

Bracken appeals from a summary judgment rendered in favor of Haid & Kyle, Inc. We affirm the summary judgment on the ground that Haid & Kyle was a good faith purchaser for value at the foreclosure sale.

Bracken, as the assignee of a corporation, originally sought specific performance of a contract for the sale of a home from the owners, Mr. and Mrs. Matlock who had repudiated the contract. While the suit was pending, the Matlocks defaulted on a note of $25,000 secured by a deed of trust and the home was posted for foreclosure. Bracken added the mortgagee and his trustee as parties and sought to enjoin the foreclosure sale on the ground that he had offered to redeem the mortgage debt but the mortgagee would not tell him how much was owed. The injunction was denied, no appeal was sought, and the foreclosure proceeded with Haid & Kyle, Inc. be-

ing the successful bidder for $45,000. Bracken again amended his pleadings and sought to set aside the sale to Haid & Kyle, Inc. on the ground that the mortgagee's refusal to give him the debt balance and allow him to redeem voided the sale. The trial court sustained a summary judgment in favor of Haid & Kyle, Inc. and Bracken dismissed the other defendants.

Bracken's claim to the right of redemption is based upon his *equitable* title arising from the executory contract of sale from the Matlocks which would have ripened into *legal* title, had his suit against the Matlocks been successful. We decline to decide if an equitable title will support the right of redemption in the absence of a sufficient record before us. However, we do hold that Bracken, with only an equitable claim to title, had the burden to prove that Haid & Kyle, Inc. was *not* a purchaser in good faith as a condition to setting aside the sale. *Connor v. Lane*, 355 S.W.2d 223 (Tex.Civ.App.—Waco 1962, no writ). The summary judgment proof offered by Bracken did not raise or support a challenge to Haid & Kyle's good faith purchase at the foreclosure sale. In order to set aside the foreclosure sale to a thus established good faith purchaser, Bracken was required, but failed, to tender the amount of the bid of $45,000 even though the foreclosure may have been void as between the mortgagee and Bracken. *Pachter v. Woodman*, 534 S.W.2d 940 (Tex.Civ.App.—Tyler 1976) *rev'd on other grounds*, 547 S.W.2d 954 (Tex.1977).

The summary judgment proof shows Haid & Kyle to be a good faith purchaser. Bracken's response failed to raise a fact issue as to their good faith. Additionally, Bracken failed to tender the prior bid and payment which equity required as a condition for the equitable relief sought. Consequently, we must conclude that the summary judgment rendered was correct.

Affirmed.