TATE, Circuit Judge:
 

 This Texas diversity action raises on appeal the issue of the validity of a foreclosure sale by state proceedings held in contravention of a federal bankruptcy court stay order. The stay was subsequently declared by a federal circuit court to have been issued without statutory authorization. The essential issue is whether, under state (Texas) law, the foreclosure sale is valid. No issue of federal bankruptcy law is implicated, because, in the federal bankruptcy proceedings, the validity of the sale was subsequently recognized by the bankruptcy judge. Finding the sale to have been valid under Texas law, we affirm the district court’s judgment upholding the validity of the foreclosure sale.
 

 The Facts
 

 The facts, summarily stated, are: the defendant-appellee, Loewi Realty Corporation (Loewi), the holder of a second mortgage on the Chanticleer Apartments, located in Dallas, Texas, bought the apartments as sole bidder. at a nonjudicial foreclosure sale brought to enforce Loewi’s second mortgage. Foreclosure proceedings were initially instituted pursuant to a New York federal bankruptcy court order declaring the debtor-owner Chanticleer Associates in default on its obligations to Loewi as set forth in a third amended plan of arrangement confirmed in bankruptcy proceedings under Chapter XII of the Bankruptcy Act, 11 U.S.C. §§ 801-926.
 

 However, on the morning of April 4, 1978, the scheduled sale date, the bankruptcy court issued an order staying the sale of the Chanticleer Apartments. The property was nevertheless sold to Loewi, the sole bidder. In subsequent, separate proceedings brought to attack the validity of the stay order, the bankruptcy court was declared to have exceeded its statutory authority in issuing the order, and the order was reversed.
 
 In Re Chanticleer Associates, Ltd.,
 
 592 F.2d 70 (2nd Cir. 1979). The bankruptcy court thereafter ordered Chanticleer Associates to turn over possession of the foreclosed property to Loewi, the purchaser at the foreclosure sale, and to account for operation of the property since April 4, 1978.
 

 The Present Diversity Proceedings
 

 The plaintiffs-appellants Mid City Management Corporation (Mid City), Ballato, and Hopkins, the holders of a third mortgage on the Chanticleer Apartments, bring this diversity action for a determination of the validity of the April 4,1978, foreclosure
 
 *388
 
 sale.
 
 [1]
 
 The district court below held the foreclosure sale valid, and declared that therefore the plaintiffs’ third mortgage on the Chanticleer Apartments was extinguished.
 

 The Issues
 

 1. On appeal, the plaintiffs argue,
 
 inter alia,
 
 that the foreclosure sale is invalid on the basis that the bankruptcy court order staying the sale, although subsequently declared to have been issued without statutory authorization, was never declared
 
 void
 
 in order to validate retroactively the foreclosure sale.
 
 [2]
 

 We need not decide whether, under bankruptcy law, the bankruptcy court order was void ab initio rather than merely voidable. The bankruptcy judge, by ordering an accounting from Chanticleer Associates (the debtor) and a turnover of possession of the property to Loewi in accordance with the April 4, 1978, foreclosure sale, in effect recognized the invalidity of its stay order with respect to the sale, as well as the validity of the foreclosure sale itself. Under these circumstances, the foreclosure sale was valid under Texas law so as to convey title to the foreclosure purchaser.
 
 Lawson v. Gibbs,
 
 591 S.W.2d 292, 295 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref’d n. r. e.).
 

 2. The plaintiffs also attack the validity of the foreclosure sale on the basis of Texas law governing non-judicial foreclosure sales and deeds of trust. We find these contentions without merit. The district court correctly concluded that a failure to name an original trustee in Loewi’s second lien deed of trust was so palpable a mistake that proceedings for reformation of the instrument were unnecessary. See
 
 Kimberly Development Corporation v. First State Bank,
 
 404 S.W.2d 631, 636 (Tex.Civ.App.—Houston 1966, writ ref’d. n. r. e.);
 
 Hart v. Estelle,
 
 34 S.W.2d 665, 669 (Tex.Civ.App.—Austin 1930),
 
 aff’d
 
 55 S.W.2d 510 (Tex.Comm.App.1932). Thus, the appointment of a substitute trustee pursuant to the terms of the deed of trust is not nullified by the failure to first reform the deed of trust to name the original trustee whom the substitute trustee was appointed to replace, as authorized by the instrument.
 

 3. Nor did the district court err, as the plaintiffs contend, in concluding that the debtor failed to tender properly the payment due on the note in order to prevent the foreclosure sale. The evidence reflects no tender as required by Texas law. See
 
 Baucum v. Great American Insurance Company of New York,
 
 370 S.W.2d 863, 866 (Tex.1963);
 
 Stern v. Maxwell,
 
 44 S.W.2d 482, 487 (Tex.Civ.App.—Texarkana 1931). See also 55 Tex.Jur.2d Tender, § 4, pp. 215-16.
 

 Conclusion
 

 We find that the foreclosure sale of the morning of April 4, 1978, is valid in all
 
 *389
 
 aspects, and thus affirm the district court judgment.
 

 AFFIRMED.
 

 [1]
 

 . In addition to the foreclosure sale that occurred on the morning of April 4, 1978, immediately following the issuance of the stay order, another sale of the property took place on the afternoon of April 4, under the second mortgage. The first sale had been stayed upon the order, inter alia, that the debtor deposit $275,-000 with the disbursing agent by 2:00 p. m. that day. Prior to 3:30 p. m., the substitute trustee learned that there had been no timely deposit of the sum, he conducted the second sale, and Loewi again bought the property as sole bidder. Since we find the first sale valid, as will be discussed
 
 infra,
 
 we need not decide the validity of this second sale.
 

 [2]
 

 . The plaintiffs-appellants additionally question whether this court has jurisdiction over the present appeal, arguing that because the district court judgment does not dispose of the defendant’s counterclaim for abuse of process it is not “final” within the meaning of 28 U.S.C. § 1291. Although the defendant’s counterclaim rendered the action a multiclaim action under Rule 54, Fed.R.Civ.Proc., neither that rule nor § 1291 bar review since the defendant actually abandoned its counterclaim at trial in response to questioning by the trial judge, Record, vol. 2, at p. 150. See
 
 Jones v. VEFO, Inc.,
 
 609 F.2d 409, 410 n.1 (9th Cir. 1979);
 
 General Time Corporation v. Padua Alarm Systems,
 
 199 F.2d 351, 358-59 (2nd Cir. 1952) (Clark, J., concurring), ce
 
 rt. denied,
 
 345 U.S. 917, 73 S.Ct. 728, 97 L.Ed. 1351 (1953).