Amiya Kumar **GOSWAMI, Appellant,**

v.

**METROPOLITAN SAVINGS AND LOAN ASSOCIATION and Bob Baylis, Appellees.**

No. 05–85–00573–CV.

Court of Appeals of Texas, Dallas.

May 21, 1986.

Rehearing Denied July 11, 1986.

Barrett W. Stetson, Dallas, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, C. Steven Matlock, Fred D. Wilshusen, and Michael V. Killough, Dallas, for appellees.

Before STEPHENS, McCLUNG and McCRAW, JJ.

McCRAW, Justice.

Amiya Kumar Goswami, appellant-plaintiff, appeals a summary judgment in favor of Metropolitan Savings and Loan Association, appellee-defendant, and Bob Baylis, intervenor, refusing to set aside a foreclosure and denying damages. Goswami contends that a stay order, originally temporarily granted but later denied, by the United States Bankruptcy Appellate Panels [1] of the Ninth Circuit on behalf of Dr. Mal Yerasi, a nonparty to this action, inures to Goswami's benefit and, therefore, voids a subsequent foreclosure by Metropolitan and clouds purchaser Baylis's title to the subject property. We disagree and affirm the judgment of the trial court.

At some time prior to March 1982, Yerasi filed a petition in bankruptcy. At the time of his filing, Yerasi was the owner of Dallas property, described as 833–845 Hutch-

---

**1.** An appeal from a bankruptcy court will go to the district court, unless there is a bankruptcy appellate panel. An appeal may be taken to a bankruptcy appellate panel, pursuant to 28 U.S.C. § 158(b), in those jurisdictions where the judicial council of a circuit has established panels comprised of bankruptcy judges from districts within the circuit. The Ninth Circuit is the only court to date that has established an appellate panel. An appeal to the designated bankruptcy appellate panel is generally treated as appeal to the court of appeals. 6 COLLIER'S BANKRUPTCY PRACTICE GUIDE ¶ 117.02 (1986).

ins Road, which was subject to a valid deed of trust lien in favor of Metropolitan. By a March 24, 1982, bankruptcy court order, Yerasi was allowed to keep the subject property, provided he brought current the payments and either repaired the property to the satisfaction of Metropolitan or paid the loan balance by August 9, 1982.

Subsequently, on May 19, 1982, Yerasi and Goswami signed a "Lease-Option Agreement" concerning the subject property. Thereafter, Goswami made certain payments to Metropolitan and expended additional funds for partial repair and rehabilitation of the property. The conditions established by the bankruptcy court were not met, and Metropolitan scheduled the property for foreclosure on September 7, 1982. Prior to the date of the sale, Yerasi petitioned the bankruptcy court for a temporary restraining order seeking to enjoin the foreclosure. This application was denied, and Yerasi appealed to the bankruptcy appellate panel. On September 3, 1982, the bankruptcy appellate panel issued an order stating: "A temporary stay is granted through Wednesday, September 8, 1982, to allow the panel to consider appellant's emergency motion for stay pending appeal." On September 9, 1982, the bankruptcy appellant panel entered the following order: "The emergency motion for stay pending appeal is DENIED."

Notwithstanding the temporary stay order, the foreclosure proceeded on September 7, 1982, and Bob Baylis purchased the property. Thereafter, on November 8, 1982, Goswami recorded the "Lease-Option Agreement," thereby clouding Baylis's title. Goswami sued Metropolitan to set aside the foreclosure, and Baylis intervened to clear his title. Metropolitan and Baylis filed their motion for summary judgment, and the trial court granted the motion in favor of both Metropolitan and Baylis. Goswami then filed this appeal.

▪ Goswami urges in his first point of error that the trial court erred in failing to consider his first amended petition during the summary judgment proceedings. We disagree. The record indicates that Gos-

wami's amended petition was not filed until four days prior to the summary judgment hearing. Goswami's amended petition, however, is essentially the same as the original petition except for the request for additional relief predicated on unjust enrichment.

The common determinative issue in both of Goswami's petitions is whether the foreclosure was wrongful. Since the trial court granted summary judgment denying recovery on the wrongful foreclosure claim, the filing of the amended petition is immaterial. Consequently, the controlling question on this appeal is whether summary judgment was properly rendered denying the wrongful foreclosure claim. Goswami's first point of error is overruled.

Goswami asserts in points two and three that he had standing to rely on the order issued by the bankruptcy appellate panel, thereby protecting from foreclosure his interest in the subject property. We disagree. At the inception of a bankruptcy proceeding, an "automatic stay" goes into effect which freezes a debtor's financial relationships and protects him from foreclosure. 11 U.S.C.A. § 362 (West 1979 & West Supp.1985). In this case, however, the initial "automatic stay" with respect to the Dallas property was terminated when Yerasi failed to meet enumerated conditions established by the California bankruptcy court.

Thereafter, Yerasi requested a temporary restraining order to prevent a foreclosure sale of the Dallas property, but the request was denied by the California bankruptcy court. Yerasi appealed to the bankruptcy appellate panels and initially received a temporary stay, for the sole purpose of reviewing his application.

▪ Goswami now contends that the foreclosure sale, which took place during the temporary stay, was void on the ground that it was conducted in violation of the stay order entered in Mal Yerasi's bankruptcy proceedings. We disagree. Federal Bankruptcy Procedure Rule 601 provides in pertinent part:

Rule 601. Petition as Automatic Stay Lien Enforcement

(b) Duration of Stay. Except as it may be terminated, annulled, or modified by the bankruptcy court under subdivision (c), (d), or (e) of this rule, the stay shall continue until the bankruptcy case is dismissed or closed ...

(c) Relief from Stay.... The court may, for cause shown, terminate, annul, modify, or condition such stay. A party seeking continuation of a stay against lien enforcement shall show that he is entitled thereto.

11 U.S.C.A. Rule 601 (West 1977).

We note that the "stay rule" itself expressly provides for termination of a stay. Therefore, we hold that the subsequent denial of Yerasi's requested restraining order by the bankruptcy appellate panel invalidated the previous stay and served to validate the foreclosure sale which took place during the temporary stay period. *Lawson v. Gibbs,* 591 S.W.2d 292, 295 (Tex. Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Claude Regis Vargo Enterprises, Inc. v. Bacarisse,* 578 S.W.2d 524, 527 (Tex.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). This established proposition of Texas law has been favorably recognized and adopted by the Fifth Circuit Court of Appeals. *See Mid City Management Corp. v. Loewi Realty Corporation,* 643 F.2d 386, 388 (5th Cir.1981). Points of error two and three are overruled.

 Goswami asserts in his fourth point of error that the trial court erred in granting summary judgment because of a lack of jurisdiction. This point of error is without merit. The question as to whether or not there was a wrongful foreclosure is clearly within the jurisdiction of the trial court. Bankruptcy courts, pursuant to the federal statutes governing jurisdiction, have original but *not exclusive* jurisdiction in matters related to bankruptcy. *In re Braniff Airways, Inc.,* 27 Bankr. 231, 233–34 (N.D.Tex.), *aff'd,* 700 F.2d 214, 215 (5th Cir.), *cert. denied,* 461 U.S. 944, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983); 28 U.S.C.A.

§ 1334(b) (West Supp.1985). Goswami's fourth point of error is overruled.

Finally, Goswami asserts that the court erred in granting summary judgment because Baylis failed to act equitably. A foreclosure sale to a good faith purchaser, however, will only be set aside if the one claiming equitable title tenders the amount of the bid. *Bracken v. Haid & Kyle, Inc.,* 589 S.W.2d 501, 502 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Goswami failed to raise a fact issue as to the good faith of Baylis and now concedes that he failed to tender the amount of Baylis's bid. Goswami's fifth point of error is overruled.

Accordingly, we hold that the summary judgment rendered was correct. Judgment of the trial court is affirmed.

