754 P.2d 1135

In re Charles Martin BISBEE and Wanta Rhea Bisbee, Debtors.

Charles Martin BISBEE and Wanta Rhea Bisbee, Debtors and Debtors in Possession, Plaintiffs,

v.

SECURITY NATIONAL BANK & TRUST COMPANY OF NORMAN, OKLA-HOMA, By and Through the Federal Deposit Insurance Corporation, Defendant.

No. CV-87-0248-CQ.

Supreme Court of Arizona, En Banc.

April 28, 1988.

Carmichael & Powell by Donald W. Powell, Claudia J. Kroman, Phoenix, for plaintiffs.

Streich, Lang, Weeks & Cardon by Thomas J. Salerno, Jonathan D. Brunk, Phoenix, for defendant.

MOELLER, Justice.

## JURISDICTION

This action arises out of a certification order to this court from the United States District Court for the District of Arizona. The certification order requests us to resolve a matter of first impression under Arizona law which may be determinative of a cause now pending in the United States Bankruptcy Court. We accepted certification on July 15, 1987, and held oral argument on November 19, 1987. We have jurisdiction pursuant to A.R.S. § 12-1861 *et seq.*, and Rule 27, Rules of the Supreme Court of Arizona, 17A A.R.S.

## LEGAL ISSUES

The legal issues to be resolved, as stated by the certifying court, are:

1. Whether the failure of a deed of trust and assignment of rents executed in Arizona and covering Arizona realty to designate a trustee to whom the trust property is conveyed results in an invalid trust deed under the Arizona Trust Deeds Act, A.R.S. § 33-801 *et seq.*

2. Assuming *arguendo* the above results in an invalid trust deed, whether such a document constitutes a mortgage or other enforceable realty

interest as defined by A.R.S. § 33–702(A).

Since we conclude that the instruments in question are valid trust deeds under Arizona law, the second alternative certified question is moot.

## FACTS

The district court supplied us with the following statement of facts and applicable federal law which it deemed relevant to a resolution of the certified questions of state law:

On December 7, 1982, Charles Martin Bisbee, acting as a married man dealing with his sole and separate property, executed and had recorded in Maricopa County, Arizona a deed of trust and assignment of rents to secure a debt in the original amount of $600,000, listing as beneficiary the Security National Bank and Trust Company of Norman, Oklahoma. The trust deed purports to encumber approximately 100 acres of undeveloped Maricopa County land but fails to designate a trustee.

On March 28, 1983, Bisbee executed and recorded a similar trust deed and assignment to secure the Bank's additional loan of $218,000. That instrument also lacked a designation for a trustee and purported to cover the same realty.

Charles and Wanta Rhea Bisbee, his wife, filed a voluntary business reorganization case under Chapter 11 of the Bankruptcy Reform Act of 1978 on April 11, 1983. 11 U.S.C. § 1101, *et seq.* Pursuant to Court order, the 100 acres were sold for $2,250,000.00 and nondisputed lienholders paid. Currently, the sum of not less than $834,076.23 is escrowed at interest pending resolution of the validity of the trust deeds.

On February 10, 1986, Mr. and Mrs. Bisbee, as debtors in possession, filed an adversary complaint against Security National Bank seeking to invalidate the Bank's security interests. Rule 7001(2), *F.Bk.R.* Under federal bankruptcy law, a Chapter 11 debtor in possession has the same rights to avoid security interests as those possessed by a hypothetical lien creditor or bona fide purchaser of real property. 11 U.S.C. §§ 544, 1107(a). Accordingly, debtors take the position that failure of the instruments to designate a trustee results in invalidity of the security instruments under Arizona law. On May 1, 1987, defendant's successor, the Federal Deposit Insurance Corporation, moved for summary judgment of dismissal, arguing *inter alia* the liens are enforceable as a deed of trust or, in the alternative, as an Arizona mortgage.

At oral argument on June 25, 1987, the Bankruptcy Court reserved ruling on the merits of defendant's motion until the issue of apparent first impression could be considered by the Arizona Supreme Court.

This certification procedure followed.

## DISCUSSION

The Bisbees (hereinafter debtors), as debtors in possession of their Chapter 11 estate, may exercise the avoidance powers of a trustee under the Federal Bankruptcy Code. 11 U.S.C. § 1107(a) (1984). One avoidance power is the ability of the debtor in possession to avoid a lien he consensually granted prior to filing bankruptcy by assuming the rights of a hypothetical lien creditor and/or a bona fide purchaser of the collateral. The debtor in possession is cloaked with these powers as of the date bankruptcy is commenced, 11 U.S.C. § 544(a) (1984), which in this case was April 11, 1983.

Therefore, the determinative issue is whether the failure to designate a trustee in the two security instruments would preclude the Federal Deposit Insurance Corporation (FDIC), as successor in interest to the lending bank, from enforcing the two instruments against bona fide purchasers and/or lien creditors deemed to come into existence as of the date the debtors filed bankruptcy.

Under A.R.S. § 33–801(5), a deed of trust is defined as:

[A] deed executed in conformity with this chapter and *conveying trust property to a trustee* or trustees qualified un-

der § 33–803 to secure the performance of a contract or contracts....

(Emphasis added.)

Under A.R.S. § 33–801(7), a trustee is defined as:

[A]n individual, association or corporation qualified pursuant to § 33–803, or the successor in interest thereto, to whom trust property is conveyed by trust deed.

The debtors' argument is based on a theory of strict statutory construction. They correctly note that every definitional statute in the Arizona Deeds of Trust Act, A.R.S. §§ 33–801 *et seq.*, (the Act) refers to a conveyance of trust property from a trustor to a trustee through a conveyance document.[1] They maintain that because no trustee was designated, there was no one to receive a transfer of the property, and, therefore, no lien was created.

The Act is a comprehensive set of statutes governing the execution and operation of deeds of trust. Taken as a whole, we do not believe the Act supports the debtors' arguments. A.R.S. § 33–804(D) expressly provides that if a trustee "fails to qualify or is unwilling or unable to serve or resigns, it does not invalidate the deed of trust."[2] Under that subsection, the only effect of the absence of a valid trustee is that no action required to be taken by the trustee may be taken until a successor trustee is appointed. We perceive no logical distinction between a failure to designate a trustee and a failure to designate a legally qualified trustee. Nor do we perceive any valid policy reason to treat the two situations differently. In either event, there is no trustee. The Act clearly contemplates that the absence of a trustee does not invalidate the underlying lien.

The debtors also rely on *Weaver v. Tri City Credit Bureau*, 27 Ariz.App. 640, 557 P.2d 1072 (1976), for the proposition that a transfer of interest in real property is essential for the creation of a valid deed of trust. However, *Weaver* arose under unique circumstances not at issue here and is therefore inapposite. In *Weaver*, the court was called upon to determine whether a real property "agreement," taken by a bank to circumvent a then-existing statute which prohibited banks from accepting as loan collateral anything but purchase money real property liens, constituted a "mortgage" on the realty. The court held, based upon the express wording of the "agreement," that it did not purport to create any lien on the real property, but only created an interest in the rents and profits from the real property. In the instant case, however, the language of the instruments indisputably expresses the parties' intentions to create liens on the property. Thus, we do not read *Weaver* as supporting debtors' position.

While not controlling, reference to traditional trust law is helpful in our analysis of the effect of the failure to designate a trustee. Under traditional trust law, the Arizona rule is clear—a valid trust is created notwithstanding the failure to designate a trustee. *In re Harber's Estate*, 99 Ariz. 323, 409 P.2d 31 (1965). The Arizona rule accords with generally prevailing traditional trust law principles. *See Shaw v. Johnson*, 15 Cal.App.2d 599, 605, 59 P.2d 876, 879 (1936). *See also Powell on Real Property*, § 511 at 76 (1986); *Restatement (Second) of Trusts* § 32(2) comment j (1959); 59 C.J.S. *Mortgages* § 107 (1949); Yao, *Want of Trustee as Affecting the Creation of Trusts*, 2 St. Mary's L.J. 159, 162 (1970).

As the certifying court observed, no Arizona case deals with the precise issue presented here in the context of a statutory

---

1. Certain portions of the Arizona Deeds of Trust Act, A.R.S. §§ 33–801 *et seq.*, were amended by Laws 1987, Ch. 286, § 1, eff. Jan. 1, 1988. These changes, like those made in 1984, do not affect the result in this case.

2. A.R.S. § 33–804(D) was added to the Deeds of Trust Act in 1984, after the execution of the deeds of trust involved in this case, but well before this litigation was commenced. The parties have briefed and argued the case on the assumption that Subsection D applies, and we have treated it accordingly. In any event, it is clear that even before the amendment, the Act contemplated the appointment of a substitute or successor trustee by a beneficiary whenever a named trustee failed to qualify, or was unwilling or unable to serve. A.R.S. § 33–804(A).

deed of trust. A non-Arizona case involving analogous facts and procedural similarities is *Mid City Management Corp. v. Loewi Realty Corp.*, 643 F.2d 386 (5th Cir. 1981). In that case, a property owner who executed a deed of trust which failed to name a trustee subsequently went into bankruptcy. A "substitute" trustee, appointed by the beneficiary according to the terms of the deed of trust, conducted a non-judicial foreclosure sale. A junior lienholder attacked the validity of the sale, arguing that it was invalid because the beneficiary had failed to obtain judicial reformation of the deed of trust to name a trustee before appointing a substitute trustee.

The Fifth Circuit Court of Appeals, applying Texas law, held that there were no defects in the non-judicial foreclosure sale. The court held that the failure to appoint an original trustee was such an obvious mistake that it was unnecessary to first judicially reform the deed of trust before appointing a substitute trustee. Therefore, the appointment of the substitute trustee and the exercise of the power of sale by that trustee were valid. *Id.* at 388. The *Mid City* court clearly recognized that the failure to name a trustee did not render the lien unenforceable against a subsequent bona fide lienholder and did not prevent the appointment of a substitute trustee who could then validly sell the property.

Essentially, the debtors' argument is that it is an absolute requirement that conveyance of title be simultaneous with the creation of a deed of trust for the deed of trust to create a lien under the Act. That argument, however, ignores both the nature and purpose of a trustee in a deed of trust and the legal import of the conveyance of "title" transferred to a trustee upon execution of a deed of trust:

> The Arizona Act defines a trust deed as a deed conveying legal title to real property to a trustee to secure the performance of a contract. This definition suggests that the trust deed, unlike the Arizona mortgage, will convey title rather than create a lien. Nonetheless, the trustee is generally held to have bare legal title—sufficient only to permit him

to convey the property at the out of court sale. All other incidents of title remain in the trustor. *Thus, in legal effect, there would seem to be no substantial difference between the trustee's "title" and the mortgagee's "lien."*

*Brant v. Hargrove*, 129 Ariz. 475, 480 n. 6, 632 P.2d 978, 983 n. 6 (App.1981) (footnotes omitted; emphasis added), quoting Note, *The Deed of Trust: Arizona's Alternative To the Real Property Mortgage*, 15 Ariz.L. Rev. 194, 196 (1973).

■ In practical effect, a deed of trust is little more than a mortgage with a power to convey upon default. *Brant*, 129 Ariz. at 480, 632 P.2d at 983. Arizona statutes on liens of real property were adopted primarily from California law. *In re Sapphire Investments*, 27 B.R. 56, 57 (Bankr. D.Ariz.1983). Notwithstanding the conveyance of "title" in a deed of trust, the trustor remains free to transfer the property and continues to enjoy all other incidents of ownership. *See* A.R.S. § 33–806.01(A). As stated in *Brant:*

> [T]he bare legal title held by the trustee is very tenuous, and may at any time prior to sale be terminated by unilateral action of the beneficiary. A.R.S. § 33–804(B).

129 Ariz. at 481, 632 P.2d at 984.

■ A trustee under a deed of trust has neither the legal powers nor the obligations of a trustee under traditional trust law. Instead he serves as a type of common agent for both parties. *Kerivan v. Title Insurance and Trust Co.*, 147 Cal.App.3d 225, 229, 195 Cal.Rptr. 53, 56 (1983). The primary duty of a trustee arises upon default. *See, e.g.*, A.R.S. §§ 33–807(A) and 806.01. Indeed, in this case, the services of a trustee were never required because the property sale was handled by others.

We therefore hold that the mere failure to designate trustees does not render the deeds of trust invalid as between the parties to the trust deed instruments. Those instruments created liens on the property in favor of the FDIC's predecessor, the lending bank. This does not quite end our inquiry, however, since, for purposes of the

certified question, the trustor Bisbee stands in the shoes of a subsequent bona fide purchaser and/or lien creditor. Thus, it is necessary to determine whether the recordation of the instruments in question constituted constructive notice to subsequent purchasers or encumbrancers.

The failure to name a trustee does not affect the manner in which a trust deed is indexed by the county recorder. A.R.S. § 33–815 provides that trust deeds are indexed in the same way as mortgages, with the trustor indexed as the mortgagor and the beneficiary indexed as the mortgagee. It is undisputed that the instruments in this case were properly indexed. It is also undisputed that the property was correctly described and the instruments were properly acknowledged. They were recorded prior to the filing of the bankruptcy proceedings. Thus, under the express provisions of A.R.S. § 33–818, the recordation constituted constructive notice to subsequent purchasers and encumbrancers unless it can be successfully argued that the failure to name a trustee renders the recording inoperative.

We believe *Watson Constr. Co. v. Amfac Mortgage Corp.*, 124 Ariz. 570, 606 P.2d 421 (1979), is dispositive on the issue of the validity of the constructive notice. In *Watson,* the court held that neither the failure to caption a deed of trust, nor the failure to include two pages of it, destroyed the constructive notice imparted by the recordation of the instrument. The plaintiff, a junior lienholder, argued that the failure to record two pages rendered the deed of trust invalid and, as such, failed to give him constructive notice of its lien. However, the court rejected plaintiff's argument and cited *Carley v. Lee*, 58 Ariz. 268, 119 P.2d 236 (1941), for the proposition that an instrument is constructive notice of the rights claimed thereunder if it is of a character which the recording statutes permit to be recorded and if it sufficiently apprises third parties of the rights claimed by it. Although the *Watson* deed of trust was not complete, it was of a character entitled to be recorded pursuant to A.R.S. § 33–411, and, because it set forth the essential elements of the lien, it apprised readers of the nature of the transaction. 124 Ariz. at 576, 606 P.2d at 427. *See also In re Wonderfair Stores, Inc. of Arizona,* 511 F.2d 1206 (9th Cir.1975) (holding, under Arizona law, that even if certain pages of a recorded lease were not properly notarized, a recorded lease gave constructive notice of the encumbrance even though a technical violation of the recording statute could be found).

We have held that the instruments validly created liens in favor of the lending bank. Because they were properly recorded, any subsequent purchaser or lien creditor, in whose place the debtors now stand, had constructive notice of the liens even if they could not identify the trustee from the recorded documents.

### CONCLUSION

Under the facts of this case, the mere fact that the trust instruments failed to designate trustees does not render them invalid as deeds of trust under Arizona law. Therefore, the answer to the first certified question is "no," and we do not reach the second one.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.