**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11493

Non-Argument Calendar

_____

MATTHEW SIMMONS,
JACK MITCHELL,

*Plaintiffs-Counter Defendants*
*Appellees-Cross Appellants,*

SHEILA MURRAY,
EMILY CARTER,
JACKIE RODRIGUEZ,
MADISON LIEFFORT,

*Plaintiffs-Appellees,*

SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC,

*Counter Defendant-Appellee-Cross Appellant,*

versus

USI INSURANCE SERVICES LLC,

*Defendant-Counter Claimant*
*Appellant-Cross Appellee,*

USI ADVANTAGE CORP.

*Defendant-Counter Claimant-Appellee.*

———————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-00201-TPB-AAS

———————————————

Before JILL PRYOR, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Plaintiffs Matthew Simmons, Sheila Murray, Jack Mitchell, Jackie Rodriguez, Madison Lieffort, and Emily Carter sued their former employer, USI Insurance Services, LLC and USI Advantage Corporation (collectively, "USI"), for a declaratory judgment that restrictive covenants in their employment agreements with USI were illegal and unenforceable. USI filed a counterclaim complaint against Simmons, Mitchell, and their new employer, Southeast Series of Lockton Companies, LLC ("Lockton"), asserting a variety of counterclaims, including one for civil conspiracy.

The district court granted summary judgment to USI on the plaintiffs' claims, and a jury later found in USI's favor on all of its counterclaims except the one for civil conspiracy. The civil-conspiracy counterclaim was never presented to the jury because, in response to questioning from the district court at a pretrial conference and in compliance with the pretrial order, on July 5, 2024, USI filed a written notice stating that it would not proceed with the claim at trial.

USI appeals from the district court's denial of its post-judgment motion for a new damages trial and to amend the judgment for the imposition of additional damages against Lockton. Simmons, Mitchell, and Lockton cross appeal from the jury's verdict in USI's favor.

A jurisdictional question asked the parties whether this appeal is taken from a final, appealable judgment, with specific instruction to address whether USI's civil-conspiracy counterclaim was ever resolved. All parties respond that we have jurisdiction because USI abandoned the claim in its July 5, 2024, notice.

We disagree and conclude that this appeal is not taken from a final, appealable judgment. *See* 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). The district court did not enter a final judgment because USI's civil-conspiracy counterclaim was never effectively resolved. *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012). USI did not abandon the civil-conspiracy counterclaim "at trial in response to questioning by the trial judge." *Mid City Mgmt. Corp. v. Loewi Realty Corp.*, 643 F.2d 386, 388 n.2 (5th Cir. Unit A Apr. 1981). Rather, USI's purported abandonment was in its written July 5, 2024, notice, which it filed in response to the district court's statements at a pretrial conference and in the pretrial order. We decline to extend our precedent that permits disposing of a claim by abandonment at trial. *See id.*

At best, the July 5, 2024, notice could be construed as an attempt at a Fed. R. Civ. P. 41(a)(1) voluntary dismissal. However,

even if we construed the notice as such, it would not be effective to dismiss the civil-conspiracy counterclaim because it attempted to dismiss a single claim within a multi-claim action. *See* Fed. R. Civ. P. 41(a)(1)(A) (permitting litigants to "dismiss an action" through either a notice or stipulation of voluntary dismissal); *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023) (stating that a Rule 41(a)(1) dismissal "can only be for an entire action, not for an individual claim within an action"); *Esteva v. UBS Fin. Servs. Inc. (In re Esteva)*, 60 F.4th 664, 677 (11th Cir. 2023) (recognizing an "exception" to the "action" requirement that allows plaintiffs to dismiss less than the entire action "so long as they dismiss a defendant in its entirety"). The district court also did not attempt to dismiss the claim under Rule 41(a)(2), and, even if it did, a district court cannot dismiss a single claim within a multi-claim action under that provision. *See* Fed. R. Civ. P. 41(a)(2) (permitting a district court to dismiss "an action" at the plaintiff's request); *Rosell*, 67 F.4th at 1144 (stating that the "action" requirement applies to Rule 41(a)(2)).

Finally, USI's counterclaim was not removed by amendment of the pleadings. The pretrial order did not amend the operative pleading but instead directed USI to file a notice as to whether it intended to pursue the counterclaim. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) (stating that a pretrial order supersedes all prior pleadings); *State Treasurer of State of Mich. v. Barry*, 168 F.3d 8, 9-10 & n.4 (11th Cir. 1999). And USI did not file an amended counterclaim complaint or any request to amend.

25-11493                Opinion of the Court                5

For these reasons, USI's civil-conspiracy counterclaim was never effectively resolved, and so the district court did not enter a final judgment. Accordingly, this appeal is DISMISSED for lack of jurisdiction.