609 F.2d 409
 204 U.S.P.Q. 535
 Robert L. JONES, an Individual, Labrado, Inc., a
corporation, Plaintiffs-Appellants,
v.
VEFO INC., DFC Company, Harco Products Company, Superior
Concrete Accessories, Corporations; Harry Fox,
Alex Fox, and Laurie Fox, Individuals,
Defendants-Appellees.
 No. 76-1885.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 10, 1979.
 
 Robert E. Strauss, Long Beach, Cal., for plaintiffs-appellants.
 Joseph E. Mueth, Wills, Green & Mueth, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before BARNES, WALLACE and TANG, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 The plaintiffs Robert Jones and Labrado, Inc. sued the defendants for infringement of Patents Nos. 3,515,799 and 3,702,180. The district court, holding that the patents were invalid, granted the defendants' motion for summary judgment, and the plaintiffs appealed. We reverse.
 
 
 2
 Jones is the inventor of Patents '779 and '180. He assigned an undivided one-half interest in the patents to James Palm who in turn granted an exclusive license of his interest to Jones and Labrado.
 
 
 3
 The patented inventions involve the use of molded cellular plastic foam, preferably polystyrene foam, to give an artistic surface appearance to poured concrete panels. After the concrete is poured and hardened, the molds are stripped from the concrete panel, leaving an artistic design. The inventions are primarily used in the "tilt-up" wall construction of commercial and industrial buildings. In their complaint, the plaintiffs generally alleged infringement of the methods described in the Jones patents. They also included a pendent state cause of action alleging unfair trade practices.
 
 
 4
 In support of their motion for summary judgment, the defendants relied upon the Patent Office histories of the patents and the affidavit of Albert Vrana to show that the patents were in public use prior to Jones' claim of invention in October 1965. According to the affidavit, Vrana had used plastic styrofoam molds extensively to shape concrete panels in 1963 at the Edgewater Beach Apartments in Florida.
 
 
 5
 In opposition, the plaintiffs filed several affidavits to show that Vrana's methods were different from their patented invention. In particular they emphasized that Vrana never employed molded thin-face molds but instead carved his molds with a hot knife. The plaintiffs argued that this distinction was significant because, unlike their method, Vrana's carved molds required nine times more effort in stripping the molds from the hardened concrete. In reply, the defendants cited the file wrapper histories to show the prior use of molded styrofoam molds by earlier patentees (whose techniques differed from the plaintiffs in other respects).
 
 
 6
 The district court granted the defendants' motion for summary judgment and dismissed the pendent state unfair practices claim. It held that the patents were anticipated and therefore invalid under 35 U.S.C. § 103 because of Vrana's prior public use of styrofoam molds in the Edgewater construction and the file wrapper history of molded styrofoam molds. On appeal, the plaintiffs contend that the district court erred in finding that their patents were anticipated.[1]
 
 
 7
 The district court erred in resolving whether the Jones' patents were anticipated by the prior art under 35 U.S.C. § 102 on a motion for summary judgment. As we have previously held, anticipation is a strictly technical defense. Cool-Fin Electronics Corp. v. International Electronic Research Corp., 491 F.2d 660, 662 (9th Cir. 1974). "Unless all of the same elements are found in exactly the same situation and united in the same way to perform the identical function in a single prior art reference there is no anticipation." Schroeder v. Owens-Corning Fiberglas Corp., 514 F.2d 901, 903-04 (9th Cir. 1975) (quoting Walker v. General Motors Corp., 362 F.2d 56, 68 (9th Cir. 1966)). See Saf-Gard Products, Inc. v. Service Parts, Inc., 532 F.2d 1266, 1270 (9th Cir.), Cert. denied, 429 U.S. 896, 97 S.Ct. 258, 50 L.Ed.2d 179 (1976).
 
 
 8
 Whether there was a single prior art reference in this case involved a genuine issue of material fact. To prove anticipation, the defendants relied on the Vrana affidavit to show that the methods employed in the Jones patent were in prior public use. The Vrana affidavit, however, was deficient in a significant respect. As the plaintiffs' affidavits showed, Vrana failed to demonstrate that he utilized the molded styrofoam molds which were an essential element of the Jones' patents. To fill in this omission, the defendants attempted to show, and the district court found, that the use of molded styrofoam foams was "not of patentable significance." The plaintiffs, however, placed the stripping qualities of carved and molded molds into factual dispute in the Navarro and Hoenig affidavits. For instance, Hoenig stated that molded molds are readily stripped from the wall by an air jet. In contrast, the carved molds could only be removed by hand, thereby requiring nine times more effort to remove than the molded molds. By these averments, the plaintiffs created a genuine issue of material fact as to the significance of the use of molded styrofoam molds.
 
 
 9
 The defendants also attempted to show that the plaintiffs' inventions were anticipated by using file wrapper histories to show that molded plastic molds were already in public use. Under the doctrine of anticipation, however, the same elements must be found in a single prior art reference. Schroeder, 514 F.2d at 903-04. In using the filing wrapper histories, the defendants thus demonstrated their inability to prove anticipation by a single prior art reference. For these reasons, the district court's finding of anticipation cannot stand.
 
 
 10
 The district court did not undertake an inquiry to determine whether the patents were obvious under 35 U.S.C. § 103. See Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). It may be that when Vrana's methods are viewed together with the prior patent histories, the Jones' patents would be obvious to a person of ordinary skill in the art. The fact that a patent was not anticipated by prior art does not mean that it would not have been obvious in light of the prior art. See Kamei-Autokomfort v. Eurasian Automotive Products, 553 F.2d 603, 607 (9th Cir.), Cert. denied, 434 U.S. 860, 98 S.Ct. 186, 54 L.Ed.2d 133 (1977). We leave this inquiry to the district court.
 
 
 11
 Reversed and remanded.
 
 
 
 [1]
 The plaintiffs also contend that the district court erred in entering a final judgment under Fed.R.Civ.P. 54(b) because it failed to rule on the validity of Claim 9 of Jones patent '779. In an answer to the defendants' interrogatory, however, the plaintiffs disclaimed reliance on Claim 9. Thus, Claim 9 no longer represented an issue before the district court, and Rule 54(b) does not bar review. Cf. General Time Corp. v. Padua Alarm System, 199 F.2d 351 (2d Cir. 1952), Cert. denied, 345 U.S. 917, 73 S.Ct. 728, 97 L.Ed. 1351 (1953)