BRANDT, INC., A Corporation of the State of Wisconsin, Plaintiff,

v.

William CRANE, d/b/a Money Processing Consultants, Defendant.

No. 81 C 6989.

United States District Court, N.D. Illinois, E.D.

March 17, 1983.

**1340**

Marshall W. Sutker/Talivaldis Cepuritis, Dressler, Goldsmith, Shore, Sutker & Milnamow, Ltd., Chicago, Ill., for plaintiff; Louis Weinstein, Weinstein & Sutton, Woodbridge, N.J., of counsel.

Douglas C. Rose, Ruff, Weidenaar & Reidy, Ltd., Chicago, Ill., Bruce L. Birchard, Los Angeles, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Brandt, Inc. ("Brandt") brought this patent action against William Crane, doing business as Money Processing Consultants ("Crane"), alleging infringement of its Patent No. 4,114,804 ("the patent"), which covers a counterfeit bill detection device manufactured and distributed by Brandt.[1] The matter now comes before this Court on Crane's motions to dismiss and for summary judgment.[2] For the reasons set forth below, the motions will be denied.

According to its abstract, the patent covers a machine that counts stacks of documents, particularly legal tender, and tests the documents for certain properties of genuineness. More specifically, the machine tests bills for fluorescence and magnetic characteristics. A "suspect" bill automatically stops the machine and consequently halts the counting process. The suspect bill is concurrently isolated in an "outfeed" stacker for further investigation of genuineness.

In its complaint, Brandt claims that the patent is infringed by a counterfeit detection machine, Billcon Model H–180CF ("the Billcon machine"), which was sold by Crane to a Chicago bank. Specifically, Brandt alleges that the Billcon machine employs a means for detecting the magnetic characteristics of bills being counted that is substantially identical to the means described in Claim 16 of the patent.[3] Crane moves for summary judgment on Brandt's complaint, contending that the Billcon machine uses neither the means described in Claim 16 for detecting magnetic characteristics nor any other means covered by the patent.[4] Crane further alleges in support of both dismissal and summary judgment that Claim 16 is invalid on the ground that the claim as written is not sufficiently clear to

---

1. Jurisdiction is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

2. A motion for summary judgment was filed by Crane and fully briefed by both parties. Subsequently, Crane filed a motion to dismiss with supporting documents. Although framed as a motion to dismiss for failure to state a claim, the motion was based, in effect, on one of the issues raised in support of Crane's motion for summary judgment, i.e. the invalidity of the patent in the absence of a certificate of correction.

Where matters outside the pleadings are presented to the Court regarding a motion to dismiss for failure to state a claim, the Court may consider the matters and rule upon the motion as one for summary judgment. Fed.R. Civ.P. 12(b). Since in this case the documents submitted with the motion to dismiss simply supplement the arguments briefed with respect to Crane's motion for summary judgment, we will consolidate the two motions and consider all matters presented. However, we express disapproval of Crane's unorthodox manner of expanding the briefing procedure with respect to the issues initially raised.

3. The patent contains 23 claims. Claims 1 through 15 and 23 recite fluorescence detection means. Claims 8, 16, and 18 through 23 recite means for detecting magnetic characteristics of bills. Brandt's complaint neither identifies the particular model of machine that allegedly infringes the patent, nor specifies the claim(s) of the patent allegedly violated. Through the discovery process, Brandt has identified Billcon Model H–180CF as the machine in question, and the parties have narrowed their dispute to Claim 16 and its description of a means for detecting magnetic characteristics.

4. In its answer to Brandt's complaint, Crane asserts various Sherman Act violations as counterclaims. These counterclaims are not presently before the Court, as Crane's motion for summary judgment is limited to Brandt's complaint.

satisfy the standards set forth in 35 U.S.C. § 112.

## I.

We first address Crane's contention that Claim 16 is invalid. Crane asserts that Claim 16 as originally filed is unintelligible "gobbledygook"[5] and does not meet the standard for clarity of patent claims set forth in 35 U.S.C. § 112.[6]

As originally filed, the challenged portion of Claim 16 reads:

> ... sensing means for sensing the presence of a magnetic field created by particles on said bill magnetized by said magnetizing means for generating a suspect signal *when the position of the bill passing said magnetizing contains no magnetized particles.* ...

(Emphasis added). Subsequent to the filing of this litigation, Brandt filed an application with the Patent Office for a certificate of correction with respect to three claims, including Claim 16. On October 8, 1982, Brandt's counsel was notified by letter that the Patent Office had ruled in its favor, and that "the Certificate of Correction will issue in due course." As corrected, Claim 16 reads in relevant part:

> ... sensing means for sensing the presence of a magnetic field created by particles on said bill magnetized by said magnetizing means for generating a suspect signal *when the portion of the bill passing said magnetizing means contains no magnetized particles.* ...

**5.** *See* defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment at 10.

**6.** 35 U.S.C. § 112 provides in relevant part: The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

**7.** 35 U.S.C. § 255 provides in full: Whenever a mistake of a clerical or typographical nature, or of minor character, which was not the fault of the Patent and Trademark Office, appears in a patent and a showing has been made that such mistake

(Emphasis added). In sum, the word "position" was corrected to read "portion," and the word "means" was inserted after the word "magnetizing."

35 U.S.C. § 255 provides that clerical or typographical errors not the fault of the Patent Office may be corrected "if the correction does not involve such changes in the patent as would constitute new matter or would require reexamination."[7] The statute permits a minor error, when made in good faith, to be corrected. *Eagle Iron Works v. McLanahan Corp.,* 429 F.2d 1375, 1383, 166 U.S.P.Q. 225, 231 (3d Cir.1970).

In granting Brandt's application for a certificate of correction pursuant to 35 U.S.C. § 255, the patent examiner concluded "that no new matter has been introduced, that no reexamination is required, and that the scope of the claimed subject matter is not affected since the corrections merely reflect what was always intended by both patentees and the examiner."[8] After the initial decision to grant the certificate of correction was made, Crane's opposition to the application for a correction, including Crane's contention that Claim 16 was unintelligible and thus invalid, was brought to the attention of the Patent Office. A subsequent letter to Brandt's counsel from the same Patent Office official acknowledges receipt of Crane's letters in opposition, and concludes:

> Upon consideration of the opposition to the issuance of the certificate of correction and patentees' response to that opposition, the decision of August 6, 1982, has been reconsidered but is adhered to. The

occurred in good faith, the Commissioner may, upon payment of the required fee, issue a certificate of correction, if the correction does not involve such changes in the patent as would constitute new matter or would require reexamination. Such patent, together with the certificate, shall have the same effect and operation in law on the trial of actions for causes thereafter arising as if the same had been originally issued in such corrected form.

**8.** Letter from Associate Solicitor Thomas Lynch dated August 6, 1982.

certificate of correction will issue in due course.[9]

■ Both in deference to the ruling of the Patent Office and upon our own examination of the entire patent materials, we refuse to accept Crane's contention that Claim 16 is unintelligible either in its original or amended form.[10] The two typographical errors corrected by the certificate were hardly so substantial as to convert "gobbledygook" into an intelligible claim. Crane's motion to dismiss will therefore be denied, as will its motion for summary judgment insofar as it is based on the alleged invalidity of Claim 16.

## II.

The infringement dispute centers upon whether the Billcon machine uses the same means for detecting magnetic characteristics of bills counted as does the patented Brandt machine. In the patented process, as described by Brandt,[11] the bills pass over a permanent magnet, causing any ferromagnetic particles present in the bills to be magnetized. The bills then pass over a sensing device that detects the strength of the magnetic field created by the magnetized portions of the bill. Since genuine currency is printed with ink containing ferromagnetic particles, a bill is stopped as "suspect" if the sensor does not detect a sufficiently strong magnetic field.

In the Billcon machine, the bills also pass over a permanent magnet. However, Crane describes the subsequent process as testing the "permeability" of the bills rather than magnetizing the bills and testing the magnetic field created.[12] A substance with magnetic characteristics has a high permeability, and consequently increases the "flux," i.e. the flow running between the north and south poles, of any magnet over which it passes. The Billcon machine tests the change in flux as a bill passes over the permanent magnet. A bill that does not increase the flux is stopped as "suspect," as it has a low permeability and thus is not likely to contain the ink used on genuine currency.

Despite the apparent differences in the descriptions of the two machines, Brandt contends that the Billcon machine in reality utilizes the same technique as the patented machine. Brandt argues that Crane simply uses different terms to describe the same process. According to Brandt, a permanent magnet inherently magnetizes any ferromagnetic particles passing over it and that testing the change in flux is exactly the same function as testing the strength of the magnetic field.[13] Crane, on the other hand, contends that the Brandt process is a two-step process, while the Billcon process is a superior one-step process.[14] Each side has submitted affidavits of various alleged experts in engineering and/or patent law to support its respective position.[15]

■ Summary judgment is appropriate only where the pleadings, affidavits and other documents filed in this case demonstrate that no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cedillo v. International Association of Bridge & Structural Iron Workers, Local*

---

**9.** Letter from Associate Solicitor Thomas Lynch dated October 8, 1982.

**10.** Because we do not find the original claim to be invalid, we need not address the argument presented in Crane's motion to dismiss that despite the correction, only the original language may be considered in adjudicating Brandt's infringement claim.

**11.** *See* plaintiff's Memorandum and Supporting Documents in Opposition to Defendant's Motion for Summary Judgment at 4–6.

**12.** *See* defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment at 6–9.

**13.** *See* plaintiff's Memorandum and Supporting Documents, *supra* note 11 at 3.

**14.** *See* defendant's Reply, *supra* note 12, at 3.

**15.** Crane's motion to strike the affidavits of Louis Weinstein and Alan P. Jones is denied. Brandt has withdrawn the Weinstein affidavit, and we conclude that the Jones affidavit satisfies the requirements of Fed.R.Civ.P. 56(e).

*Union No. 1,* 603 F.2d 7, 10 (7th Cir.1979). Due to the particular complexity of patent infringement cases, the Seventh Circuit has warned that "[a]lthough the Federal Rules of Civil Procedure do not limit or forbid the use of summary judgment procedures in patent cases [footnote omitted], the courts should exercise great caution before granting such a motion in an infringement action [citations omitted]." *Landau v. J.D. Barter Construction Company, Inc.,* 657 F.2d 158, 161 (7th Cir.1981). Moreover, it is not within the province of the Court to resolve issues of disputed fact by affidavit. *Moutoux v. Gulling Auto Electric, Inc.,* 295 F.2d 573, 576 (7th Cir.1961).

▮ The papers and affidavits of the parties in this litigation reveal a dispute as to whether the Billcon machine employs the same means for detecting magnetic characteristics as the patented machine. The evaluation by this Court of the expert's submissions is critical to the matter at issue.[16] Consequently, Crane's motion for summary judgment on the infringement issue must be denied.

Defendant's motion to dismiss the complaint for failure to state a claim is denied. Defendant's motion for summary judgment on the complaint is denied.[17] It is so ordered.

---

**16.** Within five days, each party is to file with this Court a statement indicating whether live expert testimony or other evidence is required to resolve the factual dispute, or whether it is the desire of both parties for the Court to resolve the factual dispute and decide the case on the basis of the record presently before the Court.

**17.** Because we deny Crane's motion for summary judgment, Crane's motion for attorney's fees founded on the alleged baselessness of plaintiff's complaint is also denied.