**ACOUSTIFLEX CORPORATION,**
Plaintiff,

v.

**OWENS–CORNING FIBERGLAS
CORPORATION, Defendant.**

No. 80 C 5976.

United States District Court,
N.D. Illinois, E.D.

May 24, 1983.

Robert E. Browne, Robert E. Wagner, Ralph R. Rath, Wagner & Aubel, Chicago, Ill., for plaintiff.

Gary Senner, Earl E. Pollock, Robert T. Joseph, Sonnenschein, Carlin, Nath & Rosenthal, Keith V. Rockey, McDonnell, Hersh & Scott, Chicago, Ill., for defendant.

### MEMORANDUM OPINION

FLAUM, District Judge:

This matter is before the court on defendant's motion for summary judgment. For the reasons stated below, the motion is denied.

Plaintiff Acoustiflex Corporation ("Acoustiflex") is in the business of manufacturing and selling to the construction industry certain ceiling and wall panels. These panels are covered by U.S. Patent

No. 3,183,996 ("Capaul patent"). Defendant Owens-Corning Fiberglas Corporation ("Owens-Corning") is a supplier of fiberglass-containing products, including ceiling panels. In count one of this complaint, Acoustiflex alleges that Owens-Corning is infringing the Capaul patent by its manufacture and sale of acoustical ceiling tiles. The remaining counts of the complaint allege antitrust law violations, unfair competition and product disparagement. Owens-Corning's motion for summary judgment addresses count one only.

Owens-Corning's motion for summary judgment seeks dismissal of count one on the basis that the Capaul patent is invalid and void at law. The motion is predicated on two arguments.[1] Owens-Corning first claims that the Capaul patent is invalid for obviousness under 35 U.S.C. § 103. Owens-Corning contends that the Capaul patent merely combines old elements with no change in their function. The second argument presented by Owens-Corning concerns a product Owens-Corning began selling in the late 1940's, which is known as "Navy board". Owens-Corning urges that claims 6 and 9–12 of the Capaul patent were anticipated by Navy board so that those claims are invalid under 35 U.S.C. § 102(a).

In response to this motion, Acoustiflex argues that the prior art cited by Owens-Corning in its obviousness argument either was considered by the Patent Office or is no better than the prior art considered. Further, Acoustiflex contends that the court should consider in this case secondary factors such as commercial success and satisfaction of a long felt industry need. With respect to Owens-Corning's anticipation argument, Acoustiflex contends that Navy board does not contain all of the same elements of any claim of the Capaul patent operating in the same fashion to perform an identical function so that it cannot anticipate any claim of the Capaul patent.

██ The summary judgment procedure of rule 56, Fed.R.Civ.P., applies to actions involving patents and the problem, as in other civil actions, is to determine whether there is any triable issue of fact or whether the movant is entitled to judgment as a matter of law. 6 Moore's Federal Practice ¶ 56.17[44], at 56–992 to 56–993 (2d ed. 1980). Thus, summary judgment may be rendered on the issues of validity and enforceability where, from the pleadings and extraneous materials, only a question of law emerges and the court can say that the patent is invalid or unenforceable. Id. at 56–993. However, a patent case is not ripe for summary judgment on the issues of validity or enforceability where the technical aspects are not readily comprehensible by one unskilled in the art, where the record is inadequate to decide the issue, where there is a need for expert testimony, where the expert testimony submitted is conflicting, or where there is some other genuine issue of material fact. Id. at 56–998 to 56–999. Furthermore, the court should not resolve a genuine issue of credibility on a motion for summary judgment. Id. ¶ 56.-15[4], at 56–519.

██ The party who moves for summary judgment has the burden of demonstrating that there is no genuine issue of material fact. In determining whether a genuine issue of material fact exists, all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); Technograph Printed Circuits, Ltd. v. Methode Electronics, Inc., 356 F.3d 442, 447 (7th Cir.), cert. denied, 384 U.S. 950, 1002, 86 S.Ct. 1570, 1925, 16 L.Ed.2d 547, 1016 (1966).

██ The Patent Act, 35 U.S.C. §§ 1–376, sets forth the conditions of patentability. Patentability is dependent upon three explicit conditions: novelty, utility, and nonobviousness, as set forth in 35 U.S.C. §§ 101–103. Graham v. John Deere Co., 383 U.S. 1, 12, 86 S.Ct. 684, 691, 15 L.Ed.2d

---

1. Owens-Corning originally presented three arguments, but one argument has been abandoned as erroneous.

545 (1966). The relevant section concerning Owens-Corning's anticipation argument provides:

A person shall be entitled to a patent unless—

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent. . . .

35 U.S.C. § 102(a). "Rejections under 35 U.S.C. § 102 are proper only when the claimed subject matter is identically disclosed or described in the prior art. In other words, to constitute an anticipation, all material elements recited in a claim must be found in one unit of prior art". *In re Marshall,* 578 F.2d 301, 304 (Cust. & Pat.App.1978); *see also Popeil Bros. v. Schick Electric, Inc.,* 494 F.2d 162, 164 (7th Cir.1974). Further, "anticipation is a strictly technical defense." *Jones v. Vefo Inc.,* 609 F.2d 409, 410 (9th Cir.1979).

The statutory provision regarding obviousness states in pertinent part:

A patent may not be obtained . . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

35 U.S.C. § 103 ("§ 103"). The exclusive means by which to measure nonobviousness under § 103 are set forth in *Graham v. John Deere Co.,* where the Supreme Court stated:

While the ultimate question of patent validity is one of law, . . . the § 103 condition, which is but one of three conditions, each of which must be satisfied,

lends itself to several basic factual inquiries. Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented. As indicia of obviousness or nonobviousness, these inquiries may have relevancy.

383 U.S. 1, 17–18, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966). With respect to consideration of secondary factors, the Court of Customs and Patent Appeals has determined that:

The inference of obviousness drawn from prior art disclosures is only prima facie justification for drawing the ultimate legal conclusion that the claimed invention is obvious under 35 U.S.C. § 103. Therefore, it is necessary that . . . secondary considerations also be evaluated in determining the final validity of that legal conclusion.

*Stevenson v. International Trade Comm'n,* 612 F.2d 546, 553, 67 CCPA 109 (1979).[2]

■ Applying these principles to this case, summary judgment is precluded on the record at this time. As to Owens-Corning's primary argument, even if it has made a prima facie showing that the Capaul patent is obvious over prior art, secondary factors must be considered by the court. The record in that regard contains genuine issues of material fact. In addition, the court concludes that Owens-Corning has not met its burden of demonstrating that summary

---

2. The court specifically rejected the rulings of other courts which indicate that secondary factors are to be considered only in close cases where those factors are used only to tip the scales in favor of patentability. The Seventh Circuit is one court which followed this view of the proper use of secondary factors. *Republic Indus., Inc. v. Schlage Lock Co.,* 592 F.2d 963,

975–76 (7th Cir.1979). However, the new Court of Appeals for the Federal Circuit has appellate jurisdiction in this action and it will apply the law established by the Court of Customs and Patent Appeals as precedent. *See* 28 U.S.C. § 1295(a) (1982)); *South Corp. v. United States,* 690 F.2d 1368, 1370–71 (Fed.Cir. 1982).

judgment should be entered with respect to claims 6 and 9–12 of the Capaul patent based on the Navy board description or Capaul's knowledge of that product.

Accordingly, Owens-Corning's motion for summary judgment is denied.