Richard E. **CADDOCK** and Caddock Electronics, Inc., Plaintiffs,

v.

**HY–MEG CORPORATION**, Gregory Rebchook and Vincent Cupidro, Defendants.

No. 86 C 6013.

United States District Court, N.D. Illinois, E.D.

Aug. 31, 1987.

---

Arthur A. Olson, Jr./J. Bradford Leaheey, Neuman, Williams, Anderson & Olson, Chicago, Ill., Richard F. Carr/Richard L. Gausewitz, Gausewitz, Carr & Rothenberg, Orange, Cal., for plaintiffs.

Thomas R. Vigil, Vigil, Meroni & White, Barrington, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Richard E. Caddock and Caddock Electronics, Inc. bring this patent infringement action against defendants Hy-Meg Corporation, Gregory Rebchook and Vincent Cupidro. Plaintiffs allege that a resistor made and sold by the Hy-Meg Corporation ("Hy-Meg resistor") infringes on plaintiffs' patent of a non-inductive film-type cylindrical resistor ("Caddock resistor"). Defendants move for summary judgment. For the reasons set forth below, the motion is denied.

### I

Summary judgment is appropriate only where the moving party demonstrates that no genuine issue of material fact exists and that it is accordingly entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the burden of clearly establishing the absence of a triable fact issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 460 (7th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987).

The Seventh Circuit has recognized that because patent cases often involve complex technical issues, a trial court should exercise caution before granting summary judgment in an infringement action. *Landau v. J.D. Barter Construction Co.*, 657 F.2d 158, 161, 211 USPQ 861 (7th Cir.1981). Thus, this Court has stated that summary judgment in a patent infringement case should be granted only in the clearest cases. *Brookfield Athletic Shoe v. Chicago Roller Skate*, 607 F.Supp. 241, 249 (N.D. Ill.1984); *Brandt, Inc. v. Crane*, 558 F.Supp. 1339 (N.D.Ill.1983).

Defendants' motion addresses two theories of patent infringement under which plaintiffs might attempt to recover: literal infringement and infringement under the doctrine of equivalency. As to a literal infringement theory of recovery, the defendants assert that there are no genuine issues of material fact and that as a matter of law, defendants are not infringing plaintiffs' patent. As to equivalency infringement, the defendants assert that the doctrines of prosecution history estoppel and prior art preclude the plaintiffs from claiming equivalency infringement.

Since we conclude that the doctrine of prosecution history estoppel does not preclude a claim by the plaintiffs of equivalency infringement, and that genuine issues of material fact exist, we deny the motion for summary judgment without addressing literal infringement.

## II

■ The doctrine of equivalency allows a patentee to recover for patent infringement even if the accused device does not literally infringe the patent. Specifically, a patentee may recover if the accused device "performs substantially the same function in substantially the same way to obtain the same result." *Graver Tank & Manufacturing Co. v. Linde Air Products Co.*, 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L.Ed. 1097, *reh. denied*, 340 U.S. 845, 71 S.Ct. 12, 95 L.Ed. 620 (1950) (quoting *Sanitary Refrigerator Co. v. Winters*, 280 U.S. 30, 42, 50 S.Ct. 9, 13, 74 L.Ed. 147 (1929)). *Wolens v. F.W. Woolworth Co.*, 703 F.2d 983, 218 USPQ 100 (7th Cir.1983).

■ In anticipation of plaintiffs' claiming infringement under the doctrine of equivalency, defendants contend that the doctrine of prosecution history estoppel (or "file wrapper estoppel") precludes such a claim. Under the doctrine of prosecution history estoppel, a patentee cannot maintain an equivalency claim when a design or operational characteristic of the accused device differs from an essential characteristic [1] of the patented device, and the pat-

entee argued the novelty and non-obviousness of that very characteristic during prosecution of the patent. *Hughes Aircraft Co. v. United States*, 717 F.2d 1351, 1362, 219 USPQ 473 (Fed.Cir.1983). This doctrine holds the patentee to statements made during the prosecution. A patentee cannot narrow its patent application to distinguish it from the prior art, and then broaden it to include the accused device in a later infringement action.

■ The courts have exercised caution and flexibility in applying the doctrine, noting the need to be "guided by equitable and public policy principles underlying the doctrines involved and by the facts of the particular case." *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 871 n. 7, 228 USPQ 90 (Fed.Cir.1985). Thus, for example, "whenever the doctrine is evoked, 'a close examination must be made as to, not only what was surrendered, but also the reason for such a surrender'; the fact that claims were narrowed 'does not always mean that the doctrine of file history estoppel completely prohibits a patentee from recapturing some of what was originally claimed.' " *Id.* at 871 (quoting *Bayer Aktiengesellschaft v. Duphar International Research*, 738 F.2d 1237, 1243, 222 USPQ 649, 653 (Fed.Cir.1984)). *See also R.E. Phelon Co., Inc. v. Wabash, Inc.*, 640 F.Supp. 1383, 1 USPQ 2d 1680 (N.D.Ind.1986). For this reason, we believe that the doctrine of prosecution history estoppel should be applied sparingly when the narrowing claims and arguments made during prosecution of the patent are ambiguous or not explicit.

■ Such a situation exists here. A major source of contention between the parties is whether a cylindrical resistor manufactured by silk-screening the resistive film onto a flat sheet and then applying the film to the cylindrical substrate infringes on the Caddock resistor patent. Defendants contend that since plaintiffs argued in the prosecution of the Caddock resistor patent that silkscreening *directly onto* the cylindrical substrate is an essential characteris-

1. An "essential characteristic" of a patented device is a characteristic that distinguishes the device from the prior art and provides a basis for issuing the patent.

tic of the Caddock resistor, plaintiffs are estopped from claiming that a resistor that is not so made infringes under the doctrine of equivalency, irrespective of other design and operational similarities. Plaintiffs contend that the prosecution history provides ample evidence that silk-screening of the film directly onto the cylindrical substrate was not an essential of the Caddock resistor; and, in any event, there were other aspects of the Caddock resistor (such as the distance between striations on the resistor) that made it patentable.

We reject these contentions and conclude for a different reason that prosecution history estoppel does not preclude the plaintiffs' possible equivalency infringement claim.[2] The prosecution history does indicate that the silk-screen process was an essential characteristic of the Caddock resistor patent, but does not indicate clearly whether silk-screening directly onto, rather than via an intermediary flat surface, was essential. Defendants provide some references in the prosecution history suggesting "directly onto" defines a characteristic of the Caddock resistor.[3] Plaintiffs, however, provide references suggesting it does not define an *essential* characteristic.[4] Neither party provides conclusive evidence that it was or was not an essential characteristic.

It is this uncertainty that leads us to conclude prosecution history estoppel does not as a matter of law apply in this case.[5] As indicated earlier in this opinion, we hesitate to foreclose a patentee's equivalency infringement claim based on prosecution claims that are ambiguous and not explicit. Further, viewing the evidence in the light most favorable to the plaintiffs, we cannot conclude that Caddock claimed during the prosecution of the patent that silk-screening the film directly onto the substrate was an essential characteristic of the Caddock resistor.

### III

■ Having decided that the doctrine of prosecution history estoppel does not preclude plaintiffs' equivalency claim, we next address defendants' contention that the doctrine of prior art precludes the claim. We conclude that genuine issues of material fact remain as to the scope and content of the prior art, and that this Court requires the assistance of expert testimony. Both conclusions lead us to deny the motion for summary judgment.

Under the doctrine of prior art, if the Hy-Meg resistor is identical to other resistors in the prior art, plaintiffs cannot claim the Hy-Meg resistor is equivalent to the Caddock resistor. *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 900, 221 USPQ 669 (Fed.Cir.), *cert. denied*, 469 U.S. 857, 105 S.Ct. 187, 83 L.Ed.2d 120 (1984). Defendants contend that many of the characteristics of the Hy-Meg resistor (including silk-screening in a serpentine path on a curved substrate) existed in the prior art. Plaintiffs have created an issue

---

**2.** At the outset, there is no merit to plaintiffs' contention that the existence of other essentials to the patent implies silk-screening should not be considered an essential characteristic for purposes of prosecution history estoppel. Certainly a patented device can have more than one essential characteristic that distinguishes it from the prior art.

**3.** Claim 16 of the patent application was amended to state that the Caddock resistor is "[a] low-inductance film-type resistor, which comprises ... (b) a resistive film adherently provided by the silk-screen process directly onto the exterior cylindrical surface of said substrate...." Amendment to Patent Application of Richard Caddock, Serial No. 315,018 (Aug. 17, 1973).

**4.** Caddock concedes that the nature and purpose of its Aug. 17, 1973 amendment was to introduce the silk-screen process into the patent claim. However, Caddock points out many references to the silk-screen process that do not specify the direct or indirect application of the film to the substrate. Amendment to Application, Serial No. 315,018, Claim 1, pp. 5, 7–10.

**5.** We conclude for purposes of this motion that the silk-screen process itself was an essential of the Caddock resistor patent. We emphasize that we do not and need not decide whether silk-screening the resistive film *directly onto* the cylindrical substrate was an essential of the Caddock resistor patent. That decision is reserved for a possible literal infringement claim by plaintiffs.

of fact as to whether at least one of the resistors is within the prior art. In addition, the defendants have not met their burden of showing that *all* of the common essential characteristics of the Hy-Meg resistor and the Caddock resistor existed in the prior art.[6] Therefore, defendants have not provided sufficient facts to establish in a summary judgment motion that the doctrine of prior art precludes plaintiffs' infringement claim. Further in a patent infringement action, "summary judgment should not be granted if the technical aspects of the design are not readily comprehended by one unskilled in the art [and] there is a need for expert testimony." *Brookfield Athletic Shoe v. Chicago Roller Skate*, 607 F.Supp. at 248. *See also Acoustiflex Corp. v. Owens-Corning Fiberglas Corp.*, 572 F.Supp. 936, 937, 223 USPQ 12 (N.D.Ill.1983).

## IV

## CONCLUSION

The doctrine of prosecution history estoppel does not preclude an equivalency claim by the plaintiffs. There are issues of material fact as to the scope and contents of the prior art. Expert testimony is required to compare the Hy-Meg resistor, the Caddock resistor and the prior art. Accordingly, defendants' motion for summary judgment is denied. It is so ordered.

---

**6.** For example, Hy-Meg has not demonstrated that the prior art included a serpentine pattern with parallel arms less than 100 thousandths of an inch apart. Plaintiffs contend that the prior art did not include this structural limitation, and that the limitation is an essential characteristic of the Caddock resistor. This clearly presents a factual dispute as to the content of the prior art.